IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICK S. BUTLER,       : | |
|     Plaintiff,       : | |
|                                                : | |
| v.       : | CIVIL ACTION NO. 22-CV-1471 |
|                                                : | |
| CITY OF ALLENTOWN, *et al.*,   : | |
|     Defendants.       : | |

## MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                               **MAY 19, 2022**

      Plaintiff Patrick S. Butler, a prisoner at the Lehigh County Jail ("LCJ"), brings this civil action against state and local officials and others based on his arrest, prosecution, conviction, and related imprisonment. Butler seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Butler leave to proceed *in forma pauperis* and dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**[1]

      The Complaint names the following Defendants: (1) City of Allentown; (2) Lehigh County; (3) LCJ; (4) Allentown Car Mart; (5) Geico Insurance; (6) Lehigh County District Attorney's Office; (7) Lehigh County Public Defender's Office; (8) Pennsylvania State Police ("PSP"); (9) PSP Trooper Michael Hodgskin; (10) PSP Trooper Miroslav Djindjiev; (11) the Commonwealth of Pennsylvania; (12) the United States; (13) Ed Muir of the District Attorney's Office; (14) Richard Webster of the Public Defender's Office; (15) John Baurkot of the Public

---

[1] The following allegations are taken from Butler's Complaint and public dockets, of which this Court may take judicial notice. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

Defender's Office; (16) an unknown Allentown Car Mart Agent; (17) an unknown Allentown Car Mart Manager; (18) an unknown Geico Insurance Agent; (19) Janine Donate, Director of LCJ; and (20) Kyle Russell, Warden of LCJ. (Compl. at 2-6.)[2] The Defendants are sued in their individual and official capacities. (*Id.* at 6.)

The gist of Butler's claims is that he was wrongfully arrested, prosecuted, convicted, and incarcerated when police, who responded to his report of a stolen car, arrested him instead of investigating the matter and then withheld exculpatory evidence during his prosecution, leading to his conviction. (*See id.* at 8.) Butler alleges that on October 14, 2019, he called the PSP to report that his vehicle had been stolen. (*Id.* at 9.) According to Butler, the police "failed to investigate and instead arrested [him]." (*Id.*) At Butler's request while being arrested, Defendant Trooper Djindjiev allegedly took a receipt and a cell phone as evidence in the case. (*Id.*)

Following the arrest, Butler was charged with criminal offenses in Lehigh County. *See Commonwealth v. Butler*, CP-39-CR-0000288-2020 (C.P. Lehigh). During the first month of his incarceration at LCJ, where he was held as a pretrial detainee, Butler wrote numerous letters about his car having been stolen to the Allentown Car Mart, Geico Insurance, the Allentown Police Department, the PSP, the FBI Allentown Office, the Lehigh County District Attorney's Office, and the Lehigh County Public Defender's Office. (Compl. at 10.) None of those entities responded to Butler's letters.

Defendant Webster was appointed to represent Butler at his preliminary hearing. (*Id.*) Butler alleges that Webster refused to acknowledge "information" Butler raised. (*Id.*) Butler

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

sought to cross examine Djindjiev about the receipt and cell phone evidence, among other things, and the court granted a continuance. (*Id.*) Thereafter, Butler attempted to subpoena Djindjiev and continued to seek access to the evidence. (*Id.* at 10-11.) However, his subpoenas were quashed and his motion for transcripts was denied. (*Id.* at 11.)

Butler's preliminary hearing was rescheduled, and Defendant Baurkot was appointed to represent him even though Butler claims he made "an intelligent motion to proceed pro se." (*Id.*) Butler alleges that Baurkot had Butler physically moved away from him, preventing all communication, because Butler sought to present evidence and cross-examine witnesses. (*Id.*) Baurkot allegedly represented to the Court that there was sufficient evidence to hold Butler on the charges. (*Id.*) Baurkot also requested a competency hearing. (*Id.* at 12.)

In response, Butler wrote a letter to the Pennsylvania Attorney General about the alleged flaws in his prosecution and received a response indicating that the office did not have jurisdiction and that Butler should write to the local district attorney's office. (*Id.*) Butler twice sent a copy of that response to Defendant District Attorney Ed Muir, who failed to respond to Butler's letter. (*Id.*) Butler also alleges that during his incarceration, the LCJ, Donate and Russell, interfered with his mail, denied him access to the courts and possibly retaliated against him. (*Id.* at 6.)

According to Butler, Baurkot "tried to talk [Butler] into pleading guilty despite overwhelmingly exculpatory evidence proving [his] innocence [including the cell phone and receipt] which was suppressed knowingly, willingly and maliciously." (*Id*. at 12.) Butler was ultimately found competent to proceed and claims that the presiding judge threatened him with a long sentence if he proceeded to trial, so he pled *nolo contendere* to disorderly conduct on September 3, 2020. (*Id.* at 13.) He received a sentence of four to eight months of incarceration

and was immediately released because he had been incarcerated for eleven months pretrial. (*Id.* at 8, 13); *Commonwealth v. Butler*, CP-39-CR-0000288-2020. He unsuccessfully sought post-conviction relief. *Commonwealth v. Butler*, CP-39-CR-0000288-2020. On the same date he filed the instant civil action, Butler filed a petition for a writ of *habeas corpus* based on many of the same defects in his prosecution alleged in the instant case. *See Butler v. Russell*, Civ. A. No. 22-1472 (E.D. Pa.). On May 2, 2022, Magistrate Judge Sitarski issued a report and recommendation in which she recommended denying Butler's *habeas* petition because he had served his sentence on the disorderly conduct conviction and therefore was not in custody. *Id.* (ECF No. 7).

A few months following his release, Butler received a notice in the mail regarding an illegally parked car in Allentown, which he indicates was the car that had been stolen from him. (Compl. at 8, 13.) Butler called Geico and Allentown Car Mart several times "and was hung up on each time explaining the situation." (*Id.* at 13.) He notes that his credit report reflects that his car loan was "paid off by the dealer" but that the car is still registered in his name. (*Id.*) Butler adds that inquiries were made on his credit in connection with accounts opened or attempted to be opened while he was incarcerated, which he says he did not authorize. (*Id.* at 14.) Butler claims that the County is now trying to "[make] him pay tickets/fines on [the allegedly stolen car]" and that the police and District Attorney will not investigate. (*Id.* at 8.)

Based on these allegations, Butler indicates that he is bringing claims pursuant to the Federal Tort Claims Act, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), 42 U.S.C. § 1983, and state tort law. (*Id.* at 14.) His claims are based on his allegedly unlawful arrest, his prosecution and related conviction and incarceration, and the failure to investigate his allegation of car theft and identify theft as reflected on his credit report.

(*Id.* at 8.) Butler seeks damages for his "wrongful incarceration" and "unlawful arrest." (*Id.* at 15.)

This is not the first case filed by Butler challenging his October 14, 2019 arrest and his related prosecution and imprisonment. In December 2019, when the charges against Butler were still pending, he filed a complaint pursuant to § 1983 against several defendants, including five defendants named in the instant case — Trooper Djindjiev, Trooper Hodgskin, Attorney Webster, Director Donate, and Warden Russell — in which he claimed that he was improperly arrested, that police were attempting to conceal the fact that he was the victim rather than the assailant in the events giving rise to his arrest, that Djindjiev failed to appear at preliminary hearings, that he was pressured to plead guilty, and that the conditions in which he was held pretrial were unconstitutional because, among other things, he was denied access to the courts as a result of interference with his mail. *Butler v. Djindjiev*, No. 19-CV-6131, 2020 WL 406770, at \*\*2-3 (E.D. Pa. Jan. 23, 2020). Although Butler was given opportunities to amend his pleading, his case was ultimately dismissed with prejudice as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). *Butler v. Djindjiev*, Civ. A. No. 19-6131 (E.D. Pa.) (ECF Nos. 20, 22, 27); *see also Butler v. Djindiev*, 2020 WL 1330749, at \*6 (E.D. Pa. Mar. 19, 2020) (dismissing amended complaint with leave to amend).

## II.   STANDARD OF REVIEW

The Court will grant Butler leave to proceed *in forma pauperis* because it appears that he is not capable of prepaying the fees to commence this action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to dismiss the Complaint if, among other things, it is

---

[3] However, as Butler is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court may dismiss a complaint for failure to state a claim based on an affirmative defense when the defense is "apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017). As Butler is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

#### A. Claim Preclusion

Several of Butler's claims are precluded by the judgment in his previously filed case about his arrest, prosecution, and incarceration. "Claim preclusion — which some courts and

commentators also call res judicata — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).  Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32.  "Claim preclusion similarly reaches theories of recovery:  a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("'Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.'") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply:  "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks omitted).  "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*).  With regard to the second element, claims against individuals who were not parties to the prior lawsuit may be precluded in certain circumstances, including when there is a

7

substantive legal relationship between the party and nonparty. *Taylor v. Sturgell*, 553 U.S. 880, 893-94 (2008).

Here, it is apparent from a comparison of the pleadings that Butler's claims against Defendants Trooper Djindjiev, Trooper Hodgskin and Attorney Webster are based on the same series of events at issue in Butler's prior case, Civil Action Number 19-6131, which was dismissed in a final judgment entered on the docket on November 12, 2020. Accordingly, Butler's current claims against those Defendants are precluded. Likewise, any claims against Director Donate and Warden Russell based on the conditions challenged in Civil Action Number 19-6131, *i.e.*, the alleged interference with mail and denial of access to the courts, are also precluded.[4] Additionally, since Butler previously raised official capacity claims that were essentially claims against the Commonwealth of Pennsylvania and/or PSP as well as official capacity claims that were essentially claims against the Lehigh County District Attorney's Office and Lehigh County, *Butler*, 2020 WL 1330749, at *3; *Butler*, No. 19-6131, 2020 WL 406770, at *5 n. 7 & *6 n.9, Butler's claims against those entities (and any duplicative official capacity claims against employees of those entities) are precluded as well.[5] *See Gregory v. Chehi*, 843

---

[4] Liberally construed, it is possible Butler is also alleging retaliation, although other than using that word, he has provided no facts about how he was retaliated against. (Compl. at 6.) Butler made the same one-word conclusory allegation in his prior case (*see* Civ. A. No. 19-6131, Compl. ECF No. 2 at 3, 14). To the extent Butler intends to bring a retaliation claim here, it fails as conclusory and, therefore, implausible. Having had two opportunities to allege a plausible retaliation claim in his prior case, any further attempt to amend would appear to be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story").

[5] There are additional reasons why these claims fail. The Commonwealth and the PSP, as an agency of the Commonwealth, are not subject to liability under § 1983, so any claims against them are legally baseless. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (*per curiam*) ("The District Court correctly determined that the Eleventh Amendment bars claims for damages against the PSP, a state

F.2d 111, 120 (3d Cir. 1988) ("In the claim preclusion context, governmental officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body."); *see also Sheridan*, 609 F.3d at 261 ("The fact that there are additional parties in *Sheridan II* does not affect our conclusion" that claim preclusion applies).

### B. *Bivens* Claims

*Bivens* provides a remedy for constitutional violations committed by federal actors in very limited circumstances. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Although Butler named the United States as a Defendant, "*Bivens* claims against the United States are barred by sovereign immunity, absent an explicit waiver." *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) (*per curiam*); *see also F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). Furthermore, this claim appears to be based solely on a FBI agent's failure to investigate Butler's allegations about his stolen car and state prosecution, which does not equate to a constitutional violation.[6] *See Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *Graw v. Fantasky*, 68

---

agency that did not waive its sovereign immunity."). The same is true of any claims against the Troopers in their official capacities. *Butler*, 2020 WL 406770, at *5 n.7 ("[T]he Court must dismiss Butler's damages claims against the Troopers in their official capacities because those are really claims against the Pennsylvania State Police"). Additionally, Butler has failed to plead a plausible policy or custom so as to state a claim for municipal liability against Lehigh County or the Lehigh County District Attorney's Office. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *see also McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was.").

[6] To the extent Butler raises claims against local, state, or federal entities for failing to investigate the recovery of his car after his release or matters relating to his credit report, those claims fail for the same reason, *i.e.*, that the failure to investigate, without more, does not amount to a constitutional violation.

F. App'x 378, 383 (3d Cir. 2003) ("[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim." (quotations omitted)). For these reasons, any *Bivens* claims will be dismissed as legally baseless.

### C. FTCA Claims

"The FTCA 'was designed primarily to remove the sovereign immunity of the United States from suits in tort, with certain specific exceptions, to render the Defendants liable in tort as a private individual would be under like circumstances.'" *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004) (quoting *Richards v. United States*, 369 U.S. 1, 6 (1962))); *see also* 28 U.S.C. §§ 1346(b)(1), 2674. However, this waiver of immunity is subject to certain jurisdictional requirements and limitations, including the discretionary function exception, which exempts from liability "[a]ny claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). The United States is the only proper defendant in an FTCA action. *See CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008).

Additionally, a plaintiff must exhaust administrative remedies as a prerequisite to filing a lawsuit under the FTCA. *See* 28 U.S.C. § 2675(a). In other words, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015); *see also Burrell v. Loungo*, 750 F. App'x 149, 154 (3d Cir. 2018) (stating that "[u]nder 28 U.S.C. § 2675(a), a plaintiff may not bring a claim under the FTCA unless he 'first presents the

claim to the appropriate federal agency and the agency renders a final decision on the claim.'") (quoting *Shelton*, 775 F.3d at 569).  This requirement is "jurisdictional and cannot be waived." *Shelton*, 775 F.3d at 569.  Therefore, a plaintiff "must . . . plead administrative exhaustion in an FTCA case."  *Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011).

The only possible basis for Butler's FTCA claim against the United States again appears to be the failure of the local FBI office to respond to Butler's letters about his criminal proceeding and/or car.  However, the decision to respond to or investigate Butler's allegations is within the agency's discretion and, thus, falls withing the discretionary function exception to the FTCA.  *Brown v. United States*, 823 F. App'x 97, 102 (3d Cir. 2020) (*per curiam*) ("[D]ecisions as to investigation, are within the category of conduct covered by the discretionary function exception") (citing *Bernitsky v. United States*, 620 F.2d 948, 955 (3d Cir. 1980)).  Furthermore, nothing in the Complaint suggests that Butler exhausted administrative remedies prior to filing.  For these reasons, the Court lacks jurisdiction over any FTCA claims.[7]

### D. Section 1983 Claims

#### 1. Improper Defendants

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  A prison or jail, such as LCJ, is not legally a "person" subject to suit under § 1983.  *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010).  Furthermore, it is unclear why the City of Allentown has

---

[7] To the extent Butler raises *Bivens* or FTCA claims against any of the other Defendants, those claims are dismissed as legally baseless.

been sued here.  Butler named this Defendant based on an alleged "failure to hire and train police officers under supervisor liability, failure to correct unlawful practices by Lehigh County, Lehigh County Jail, PSP, Lehigh County D.A. and Lehigh County P.D. Offices," (Compl. at 4), but "LCJ is operated by Lehigh County and not by the City of Allentown," and the City of Allentown likewise does not control the county or state employees.  *Butler v. Lehigh Cnty. Jail*, No. 22-0229, 2022 WL 462405, at *3 (E.D. Pa. Feb. 15, 2022).  The Court can discern no factual or legal basis for any claims against this entity based on the subject matter at issue in the Complaint.  Accordingly, the Court will dismiss Butler's claims against LCJ and the City of Allentown.

### 2. Non-State Actors

Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself."  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity."  *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Public defenders do not "act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cty. v. Dodson*,

454 U.S. 312, 325 (1981) (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings" (citing *Polk Cty.*)).

Here, Butler has named several Defendants who are not state actors subject to liability under § 1983. Butler raises claims against the Lehigh County Public Defender's Office and attorneys from that office who have been represented to appoint him, Attorneys Webster and Baurkot, but as noted above public defenders and public defenders' offices are not state actors for purposes of § 1983. Butler also raises claims against Allentown Car Mart, Geico Insurance, and employees of those entities, apparently based on his dissatisfaction with their response, or lack thereof, to his inquiries about the car he claims was stolen. These private companies and their employees are also not state actors subject to liability under § 1983. *See Prater v. Liberty Mut. Ins. Comp.*, 443 F. Supp. 3d 586, 589 (E.D. Pa. 2020) (no basis for § 1983 claims where "Defendants appear[ed] to be private individuals, insurance companies, car rental companies, and employees of those companies"). Accordingly, the Court will dismiss Butler's § 1983 claims against the following Defendants: Allentown Car Mart, Geico Insurance, Allentown Car

Mart Agent, Allentown Car Mart Manager, Geico Insurance Agent, Lehigh County Public Defender's Office, Richard Webster[8] and John Baurkot.

### 3. Prosecutorial Immunity

The Court understands Butler's claims against District Attorney Muir based on alleged constitutional violations that occurred in the course of Butler's prosecution, (Compl. at 5), and based on Muir's failure to respond to letters that Butler sent to him about these issues while he was awaiting trial. Prosecutors are entitled to absolute immunity from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009). Accordingly, Muir is entitled to absolute prosecutorial immunity for his role in in representing the Commonwealth in Butler's prosecution. Furthermore, "the mere failure of [a prosecutor] to respond directly to a letter sent from . . . a criminal defendant who was represented at the time of the letter[] simply does not violate any . . . federal rights." *Asque v. Commonwealth Allegheny Cty.*, No. 07-294, 2007 WL 1247051, at *4 (W.D. Pa. Apr. 27, 2007); *see also Boyle v. Yatron*, No. 10-0530, 2010 WL 1994806, at *1 (E.D. Pa. May 17, 2010) ("Plaintiff's allegation that Commissioner Leinbach failed to respond to his correspondence does not state a violation of plaintiff's constitutional rights").

---

[8] As noted above, the claims against Webster are also barred by claim preclusion. *See supra* § III.A.

### E.  State Tort Claims

To the extent Butler raises state tort claims that are not precluded, he has not alleged a basis for the Court's jurisdiction over those claims.[9]  The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation.  28 U.S.C. § 1332(c)(1).

The Complaint does not allege the states of the parties' citizenship.  Accordingly, Butler has not met his burden of establishing a basis for jurisdiction over any state law claims.  In any event, it appears that Butler and many of the Defendants are citizens of Pennsylvania, such that

---

[9] Because the Court has dismissed Butler's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

diversity is lacking. Accordingly, the Court will dismiss Butler's state law claims for lack of subject matter jurisdiction.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant Butler leave to proceed *in forma pauperis* and dismiss his Complaint. Butler's FTCA and non-precluded state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. The balance of Butler's Complaint will be dismissed with prejudice. Having reviewed the complaint and Butler's prior civil action, the Court concludes that amendment would be futile. Due to the dismissal of Butler's case, the Court will deny Butler's Motion to Appoint Counsel. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An order follows, which dismisses this case.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, C.J.**